(115 App. Div. 82)
### WALSH v. CHURCH et al.

### SAME v. McWILLIAMS et al.

(Supreme Court, Appellate Division, Second Department. October 9, 1906.)

ELECTIONS—PRIMARY LAW—VARIANCE BETWEEN ORAL PROCLAMATION AND WRITTEN STATEMENT OF RESULT.

The oral proclamation of the result required by the primary election law does not control, when it and the written statement of the result of the canvass varies.

Appeal from Special Term.

Proceedings relative to a primary election by John J. Walsh against James S. Church and others and against John T. McWilliams and others. From certain orders, appeals are taken. Reversed and remitted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Ernest P. Seelman, for appellant.
R. Percy Chittenden, for respondent.

PER CURIAM. At the argument the learned counsel for the respondent said that, so far as the record of this appeal was concerned, he relied upon the proposition that the oral proclamation of the result required by the primary law must control when it and the written statement of the result of the canvass varied. We are of opinion that this contention is not sound. The proclamation is not the result, but

merely an oral public statement of the result. An error in the proc-
lamation does not in effect change the result, so as to accord with that
·error.

The substantial question turns upon the ballots cast at the election.
We are of opinion that the evidence at Special Term is not of suffi-
cient probative force to establish such fraud, or. such falsity, or such
error in the written statement of the canvass as warrants the orders
now before us for review. At the same time, we think that the Special
Term has jurisdiction upon such an application as was made in this
case to set aside the statement of canvass made by the inspectors to
adjudge the true result of the primary election, to direct the inspectors
to reconvene forthwith and to make and to file with the custodian of
primary records a statement showing the result of the primary elec-
tion to be as adjudged, to nullify the certificates of election, and to direct ·
the issue of certificates of election to the candidates lawfully entitled
to them. In any event this may be done before the candidates in
possession of the original certificates have actually entered into pos-
session of their respective offices. Though the time is short, it is
sufficient for an adjudication of this matter upon the merits.

The orders are reversed, and the applications are remitted to the
Special Term for such further proceedings therein as may seem ad-
visable to either of the parties.